FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 02 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WANELL DOUGLAS BROWN,

                 Plaintiff,

-against-

THE CITY OF NEW YORK, P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                 Defendants.
-----------------------------------------------------------------X

**CV 10- 4032**
__CV__

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**BLOCK, J.**

**BLOOM, M.J.**

Plaintiff, Wanell Douglas Brown, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7.   Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.   At all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.   At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.   Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.   Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On November 17, 2008, at approximately 9:55 a.m., plaintiff Wanell Douglas Brown was lawfully in the vicinity of the 731 Hegeman Avenue, in the County of Kings, City and State of New York.

14. Plaintiff Wanell Douglas Brown was walking towards a subway station with his friend, Richard Plummer when the two were suddenly accosted by several defendant officers who had their guns drawn.

15. Defendant officers told plaintiff Wanell Douglas Brown and Richard Plummer to get on the ground, and plaintiff and Richard Plummer complied.

16. Defendant officers then told plaintiff Wanell Douglas Brown and Richard Plummer that they were being arrested for Burglary.

21. Notwithstanding the lack of any incriminating evidence against plaintiff Wanell Douglas Brown, defendant officers arrested plaintiff Wanell Douglas Brown and charged him with, inter alia, Attempted Burglary in the Third Degree and Possession of Burglar's Tools.

22. In connection with this arrest, defendants filled out false and misleading police reports, and forwarded these reports to prosecutors in the Kings County District Attorney's office.

23. At no time on November 17, 2008 did plaintiff Wanell Douglas Brown ever commit any burglary or possess any burglar's tools.

24. As a result of this unlawful arrest, plaintiff Wanell Douglas Brown spent approximately one day in jail, and was required to make multiple court appearances for six months (6) months to defend himself against the false charges which defendants had filed against him.

25. Notwithstanding defendants' unlawful and perjurious conduct, on May 29, 2009, all charges against plaintiff Wanell Douglas Brown were dismissed by the Honorable S. Mondo.

26. As a result of the foregoing, plaintiff Wanell Douglas Brown sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived plaintiff Wanell Douglas Brown of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of defendants' aforementioned conduct, plaintiff Wanell Douglas Brown was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C.§ 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants searched plaintiff Wanell Douglas Brown in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

38. As a result of the foregoing, plaintiff Wanell Douglas Brown was subjected to an illegal and improper search.

39. The foregoing unlawful search violated plaintiff Wanell Douglas Brown's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence before the District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Wanell Douglas Brown.

45. Defendants lacked probable cause to initiate criminal proceedings against plaintiff Wanell Douglas Brown.

46. Defendants acted with malice in initiating criminal proceedings against plaintiff Wanell Douglas Brown.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff Wanell Douglas Brown.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiff Wanell Douglas Brown.

49. Defendants acted with malice in continuing criminal proceedings against Wanell Douglas Brown.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff Wanell Douglas's favor on May 29, 2009, when all charges against him were dismissed.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants issued legal process to place plaintiff Wanell Douglas Brown under arrest.

55. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

56. Defendants acted with intent to do harm to plaintiff Wanell Douglas Brown, without excuse or justification.

57. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" as if the same were more fully set forth at length herein.

59. Defendant created false evidence against plaintiff Wanell Douglas Brown.

60. Defendant forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

61. In creating false evidence against plaintiff Wanell Douglas Brown, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

62. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" as if the same were more fully set forth at length herein.

64. Defendants arrested and incarcerated plaintiff Wanell Douglas Brown in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police

Department, all under the supervision of ranking officers of said department.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Wanell Douglas Brown .

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Wanell Douglas Brown as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Wanell Douglas Brown as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Wanell Douglas Brown was incarcerated unlawfully for one day.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Wanell Douglas Brown .

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Wanell Douglas Brown 's constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiff Wanell Douglas Brown of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. Not to have cruel and unusual punishment imposed upon him; and

   E. To receive equal protection under the law.

76. As a result of the foregoing, plaintiff Wanell Douglas Brown is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff Wanell Douglas Brown demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
   September 2, 2010

           BY: _____
              JON L. NORINSBERG (JN-2133)
              Attorney for Plaintiff
              225 Broadway, Suite 2700
              New York, N.Y. 10007
              (212) 791-5396